John Todd **VANDERHORST**, Appellant,

v.

**STATE of Texas**, Appellee.

No. 11–90–164–CR.

Court of Appeals of Texas,
Eastland.

June 27, 1991.

Publication Granted July 11, 1991.

Discretionary Review Refused
Oct. 16, 1991.

Martin L. Peterson, Stephenville, for appellant.

John Terrill, Dist. Atty., Stephenville, for appellee.

## OPINION

DICKENSON, Justice.

After the jury convicted John Todd Vanderhorst of "Bail Jumping and Failure to Appear,"[1] he entered a plea of "true" to the enhancement allegation,[2] and the jury assessed his punishment at eleven years confinement. We affirm.

### Sufficiency of Evidence

■ In his first point of error, appellant argues the evidence is insufficient to establish that his failure to appear for arraignment on January 29 was intentional or knowing. Section 38.11 provides:

(a) A person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he *intentionally or knowingly* fails to appear in accordance with the terms of his release.

\* \* \* \* \* \*

(c) It is a defense to prosecution under this section that the actor had *a reasonable excuse for his failure to appear* in accordance with the terms of his release. (Emphasis added)

Appellant did not receive the notice of the January 29 arraignment because he had departed from his last known address without leaving a forwarding address and with-

1. TEX.PENAL CODE ANN. § 38.11 (Vernon 1989) defines the offense and states that the offense is a third degree felony if the offense for which the individual fails to appear is a felony.

2. TEX.PENAL CODE ANN. § 12.42(a) (Vernon 1974) provides that a defendant who is convicted of a third-degree felony shall be punished for a second-degree felony if it is alleged and proved that the defendant "has been once before convicted of any felony."

out contacting his bondsman or court officials. He contends that this lack of notice constitutes a reasonable excuse. We disagree.

The Court of Criminal Appeals held in *Euziere v. State*, 648 S.W.2d 700 at 702 (Tex.Cr.App.1983), that proof that a defendant was released on an "instanter bond gave proper notice" and, in the absence of evidence of a reasonable excuse, was "sufficient to prove that appellant intentionally and knowingly failed to appear in accordance with the terms of his release." *Euziere* was construed in *Richardson v. State*, 699 S.W.2d 235 at 238 (Tex.App.—Austin 1985, pet'n ref'd), as meaning:

> [P]roof the defendant was free pursuant to an instanter bond constitutes a prima facie showing ... [which] will satisfy the State's burden of proving a culpable mental state in the absence of any evidence to the contrary. But where, as in the instant cause, there is evidence the defendant did not, in fact, have notice of the proceeding in question, the State must do more than prove the terms of the bond in order to meet its burden of proving an intentional or knowing failure to appear. In such cases, the State must offer evidence that the defendant did have actual notice, *or that he engaged in a course of conduct designed to prevent him from receiving notice.* (Emphasis added)

The State proved in this case that when appellant was released from custody he gave his parents' address as his mailing address, and he told the bondsman that he could be contacted at the dairy which he gave as his work address. The evidence shows that his bondsman tried unsuccessfully to contact him several times at these addresses. The Erath County District Attorney's Office mailed the notice of arraignment to his official mailing address. The notice was returned with notations that appellant was not at the address and that his present address was unknown. Subsequently, appellant was arrested in Seattle, Washington. We are required to view the evidence in the light most favorable to the jury's verdict. See *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234 at 239 (Tex.Cr.App.1989). The evidence is sufficient for a rational jury to decide beyond a reasonable doubt that appellant "intentionally or knowingly" engaged in a course of conduct which would prevent him from receiving notice. Appellant's first point of error is overruled.

### Lawful Release from Custody

■ In his second point of error, appellant alleges there is insufficient evidence to establish he was "lawfully released" from custody. Appellant cites no authorities to support this contention. We hold that proof that he was released on an "instanter bond" shows that he was lawfully released from custody. Appellant's second point of error is overruled.

### Felony DWI

Appellant argues in his third point of error that the evidence does not show that "the offense for which his appearance was required was 'classified as a felony.'" We disagree. The bond shows on its face that appellant was charged "in the District Court of Erath County, Texas with the offense of a (felony), to wit: driving while intoxicated." Point three is overruled.

### Sufficiency of Indictment

In his fourth point of error, appellant contends the indictment is insufficient to give him adequate notice of the nature of the charges against him. Appellant filed a pre-trial motion to quash the indictment. The motion was denied after a pre-trial hearing. Omitting the formal portions and the enhancement paragraph, the indictment reads in pertinent part as shown:

> John Todd Vanderhorst hereinafter styled Defendant, on or about the 29th day of January A.D. 1990 ... did then and there while under an indictment returned in the District Court of Erath County, Texas, in Cause Number 9063, charging him with the felony offense of Felony Driving While Intoxicated, and while released on bail from custody under said indictment on the condition that he subsequently appear, intentionally

and knowingly failed to appear in the said District Court of Erath County, Texas, in accordance with the terms of his release which required that he, the said Defendant, make his personal appearance, after indictment before said District Court of Erath County, Texas, from the date of said indictment and there remain from day to day and from term to term until discharged by due course of law.

The indictment is sufficient, and the trial court correctly overruled the motion to quash. Appellant's fourth point of error is overruled.

### Docket Sheet

■ Appellant contends in his fifth point of error that the trial court erred in permitting the district clerk to testify concerning the contents of the judge's docket sheet to prove that appellant failed to appear for his arraignment. The failure to appear was also proved by other testimony. In any event, the trial court's docket sheet would be admissible under the "Public Records and Reports" exception to the hearsay rule, TEX.R.CRIM.EVID. 803(8).

### Notations on Envelope

■ Appellant argues in his sixth point of error that the trial court erred in permitting the State to introduce the envelope which showed handwritten notations: "not at this address" and "address unk." We note that the envelope also showed post office stamped notations: "RETURNED TO SENDER" and "NOT DELIVERABLE AS ADDRESSED—UNABLE TO FORWARD." The handwritten notations add nothing to the stamped notations which were admitted without objection. Moreover, all of the notations were admissible under TEX.R.CRIM.EVID. 803(1), the exception to the hearsay rule for statements explaining an event which are made contemporaneously with the event. Further, there was other testimony that the letter mailed to appellant's last known address had been returned by the post office. The sixth point of error is overruled.

### Question Concerning Appellant's Plans

In his seventh point of error, appellant contends the trial court erred in permitting the prosecutor to assume a fact not in evidence. While questioning appellant's bondsman, the prosecutor asked whether appellant indicated, on the day he made bond, if he was planning to leave Texas. The bondsman's answer was: "No way, no." This question and response did not help the State's case nor did they hurt the appellant's defense. The seventh point of error is overruled.

### Details of Prior Conviction

■ In his eighth point of error, appellant complains the trial court erred during the punishment proceeding by permitting the prosecutor to introduce evidence of his 1988 felony DWI conviction which showed the details of that offense and which referred to a 1983 misdemeanor DWI offense. Through the district clerk, the prosecutor introduced certified copies of the indictment and judgment on the 1988 conviction. Appellant's objection was overruled. TEX.CODE CRIM.PRO.ANN. art. 37.07, § 3(a) (Vernon Supp.1991) governs the introduction of evidence during the punishment proceeding, and it permits evidence of "any matter the court deems relevant to sentencing, including the prior criminal record of the defendant." The eighth point of error is overruled.

### Charge—Comment on Evidence?

In his ninth point of error, appellant claims the trial court commented on the weight of the evidence by assuming certain facts in its charge to the jury. Appellant objected to paragraph four which reads in full as shown:

Now bearing in mind the foregoing instructions, *if you believe from the evidence beyond a reasonable doubt* that on or about the 29th day of January, 1990, in the County of Erath, and State of Texas, the defendant, John Todd Vanderhorst did then and there, while under an indictment returned in the District Court of Erath County, Texas in Cause Number 9063, *charging him with the*

*felony offense of Felony Driving While Intoxicated,* and *while released on bail from custody under said indictment on the condition that he subsequently appear,* intentionally or knowingly fail to appear in the said District Court of Erath County, Texas, *in accordance with the terms of his release which required that he, the said Defendant, make his personal appearance after indictment before said District Court of Erath County, Texas, from the date of said indictment and there remain from day to day and from term to term until discharged by due course of law,* then you will find the defendant guilty of Bail Jumping and Failure to Appear, as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will acquit the defendant and say by your verdict "Not Guilty". (Emphasis added)

The trial court's language was not an impermissible comment on the evidence. It required the jury to find that each of the allegations were true in order to convict. In any event, the bond showed on its face that appellant was charged with felony driving while intoxicated, and it required him to appear "instanter" and at "all subsequent proceedings that may be had relative to the said charge." Appellant's ninth point of error is overruled.

### Charge—Application of Law to Facts

In his tenth point of error, appellant contends the trial court erred by failing "to apply its general definitions of 'intentionally' or 'knowingly' to the facts of the case." Appellant cites TEX.CODE CRIM.PRO. ANN. art. 36.14 (Vernon Supp.1991) which requires "a written charge distinctly setting forth the law applicable to the case." No other authorities are cited, and we hold that the statutory definitions of "intentionally" and "knowingly" were sufficient. Appellant's tenth point of error is overruled.

### Charge—"Lawful" Release

Appellant claims in his eleventh point of error that the trial court erred by failing to require the jury to determine whether ap-

pellant was "lawfully" released from custody. There was no dispute that appellant was released on bond; this is a "lawful" release from custody. The eleventh point of error is overruled.

### Prosecutor's Jury Argument—Guilt

In his next three points of error, appellant argues that the prosecutor committed reversible error in his jury arguments on the guilt-innocence phase of trial.

In connection with the twelfth point of error, the record shows:

PROSECUTOR: The offense is bail jumping, failure to appear, our law provides that if a person makes a bond or even *if they don't make a bond and they're released to appear at a later time in court and they fail to appear, then that is a crime,* if it's a misdemeanor they're released on, it's a misdemeanor—

APPELLANT'S ATTORNEY: Your Honor, he's leaving out the culpable mental state and it's not a crime as he's just stated.

THE COURT: I'll allow—

PROSECUTOR: I'll correct that, Your Honor. *If a person is released and intentionally or knowingly fails to show up for trial at a setting* later on in a—and they're in jail on a misdemeanor, then the failure to show up is a misdemeanor, if the offense they're in jail on is a felony, then the failure to show up is a felony. (Emphasis added)

The prosecutor cured the objection which was urged at the time of trial. The twelfth point of error is overruled.

In connection with the thirteenth point of error, the record shows:

PROSECUTOR: [W]e submit to you that we proved in this case, that *he put himself in a position where he could never get notice, he took off as soon as he made that bond, and he was gone,* and—

APPELLANT'S ATTORNEY: I'm going to object, Your Honor, he's outside the record, there's no evidence where the defendant went at any point in time.

THE COURT: Overruled, I'll allow the argument—

PROSECUTOR: —As Mr. Cardwell [the bondsman] said, it'd take an awful fast horse to catch him when he got out, he was gone, and I submit to you, he was gone from the time he got out until he was found in the State of Washington, and he wasn't exactly making plans to come back.

\*　　\*　　\*　　\*　　\*　　\*

PROSECUTOR: *[I]f you leave the country, the result is going to be you don't get notice,* I mean, that's—

APPELLANT'S ATTORNEY: —Judge, I'm going to object, there's no evidence this Defendant left the country and he's outside of the record.

THE COURT: Overruled.

PROSECUTOR: If you leave the State of Texas and go to Washington. (Emphasis added)

The State's argument was a reasonable deduction from the evidence. Appellant was arrested in the State of Washington after he failed to appear for his arraignment on an "instanter" bond, and the bondsman testified that he had been unable to locate appellant at either the home or work address which appellant had given him. The bondsman also testified that appellant failed to keep his promise to contact the bondsman on the Saturday after he was released and to then pay him the balance due on the bond. The thirteenth point of error is overruled.

In connection with the fourteenth point of error, the record shows:

PROSECUTOR: When you think about intent, you've got to start off knowing who John Todd Vanderhorst is and where he's coming from on December the eleventh of nineteen eighty-nine and January twenty-ninth of nineteen ninety. He was charged by indictment in Cause Number 9063 with the felony offense of driving while intoxicated, alleged to have previously been convicted in Cause Number 8828, a felony DWI, in nineteen eighty-nine, December tenth of nineteen eighty-nine, alleged to have been convicted of another felony offense in Cause Number 8164, December tenth of eighty-nine also, also alleged to have been convicted of a misdemeanor offense of driving while intoxicated in nineteen eighty-five, also alleged to have been convicted of the misdemeanor offense of driving while intoxicated in nineteen eighty-three, *he's no stranger to the court system, he's not some fair-haired boy stranger that just happened to fall into a problem and makes a bond and doesn't know what it's all about, I submit to you on the evidence you've heard, he knows exactly what's going on,* he tells—

APPELLANT'S ATTORNEY: —Your Honor, excuse me, I'm going to object, the evidence of any prior convictions in this case goes solely to the issue of whether the Defendant was charged with a felony offense at the time of his arrest or release from custody, the District Attorney is now attempting to use those offenses to prove other elements of the case, which would be highly improper.

THE COURT: Overruled. (Emphasis added)

The argument is a reasonable deduction from the evidence. The proof of prior convictions came into evidence without any limitation. The fourteenth point of error is overruled.

### Punishment Proceeding

■ In his next two points of error, appellant contends the trial court erred in allowing the prosecutor to argue that the jury should consider the bondsman's hardship and disregard the lower range of punishment when deciding appellant's punishment.

In connection with the fifteenth point of error, the record shows the following:

PROSECUTOR: Mr. Cardwell [the bondsman] has been out quite a bit of money in this matter and stands possibly to lose quite a bit more—

APPELLANT'S ATTORNEY: Your Honor, I'm going to object, Mr. Cardwell is not a victim in this case, and whatever amount he may suffer as a loss is not a relevant consideration.

THE COURT: I'll overrule the objection.

The argument was based upon evidence which had been admitted into evidence that

the bondsman had paid the cost of returning appellant from the State of Washington to Texas and that he had an additional exposure on the bond which appellant had violated. This is a relevant consideration for the jury in assessing punishment for the offense of "Bond Jumping and Failure to Appear." The fifteenth point of error is overruled.

In connection with the sixteenth point of error, the record shows the following:

THE PROSECUTOR: The legislature made special punishments for special situations, and one special situation they made a special punishment for is when somebody already has at least one prior felony of any kind, of any kind, and gets another felony offense, the legislature has said the punishment doubles in this situation, goes from maximum of ten to twenty years, and there's a reason for that, they had a reason for that and I think it's obvious, and *I submit to you, you ought to get into that upper range because the legislature said that's the law, you ought to look at that, because that's where you need to start, it's an enhanced punishment and it's not— we're down here in the bottom range anymore when you've got at least one prior felony, in this case, two prior felonies, you jump up into the second range—*

APPELLANT'S ATTORNEY: —Your Honor, I'm going to object, a minimum of two years is the punishment prescribed whether there's an enhancement clause or not and he's suggesting they should not consider the range prescribed by the legislature.

THE COURT: I'll overrule and allow the argument.

PROSECUTOR: I submit to you, you ought to not give him less than twelve years in the penitentiary, you ought to go higher than that, but not to consider less than that.

■ This was a legitimate plea for law enforcement, and the trial court did not err in overruling the objection. Appellant's attorney argued, as authorized by the charge, that the jury should give the minimum sentence of two years. The charge

permitted the State to argue for a higher range of punishment in view of the enhancement allegation. The sixteenth point of error is overruled.

■ In his seventeenth point of error, appellant contends the trial court erred in the punishment charge because it did not ask the jury to find whether the offense for which appellant's appearance was required is "classified as a felony." The only authority cited by appellant in support of this point is TEX.CODE CRIM.PRO.ANN. art. 37.07, § 2(a) (Vernon 1981). That statute did not require the trial court to submit this issue to the jury. The bond shows on its face that appellant was charged with the felony offense of driving while intoxicated. The seventeenth point of error is overruled.

### Peremptory Challenge

■ Appellant argues in his eighteenth point of error that the trial court erred in granting the State's challenge for cause of prospective Juror No. 30, Mrs. Gladis Parr. The trial court did not err in excusing this juror for cause. The record shows that she "would have to know *beyond a shadow of a doubt* that that crime warranted that much punishment" before she could consider the upper range of the authorized punishment. Even after the trial court went over the matter carefully with the potential juror, she said: "I have difficulty with twenty years." See and compare *Pyles v. State*, 755 S.W.2d 98 at 106 (Tex.Cr.App. 1988), where the Court stated:

Great deference is to be given to the decision of the trial court who has broad discretion in ruling on a challenge for cause, because the trial court is present to observe the venireperson, including the demeanor and tenor of voice of the venireperson.

Moreover, as the trial court noted when the district clerk called the numbers of the twelve persons selected as jurors: "Ya'll didn't even get to Mrs. Parr." The record shows that Mrs. Parr was Number 30 on the jury list and that the last person selected was Number 26. There were three more qualified jurors listed before her, and she would not have been reached even if she had been permitted to remain on the

panel. The eighteenth point of error is overruled.

*Identified Errors Collectively*

In his nineteenth point of error, appellant contends:

Even if the identified errors are not individually a sufficient basis for reversal of the judgment, they collectively demonstrate that Appellant was deprived of liberty without due process of law or by a trial lacking fundamental fairness.

Appellant fails to cite any authorities in support of this contention; but more importantly, we have not found any errors which would violate due process or show a trial "lacking fundamental fairness." The nineteenth point of error is overruled.

*Ruling*

The judgment of the trial court is affirmed.

McCLOUD, Chief Justice, concurring.

ARNOT, J., not participating.