Affirmed and Opinion filed March 25, 2004









Affirmed and Opinion filed March 25, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00914-CR

____________

 

DARRELL WAYNE
FOLEY,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 272nd
District Court

Brazos County, Texas

Trial Court Cause No. 29,579F-272

 



 

O P I N I O N[1]








Appellant, Darrell Wayne Foley, was
charged with the offense of bail jumping and failure to appear.  Appellant entered a plea of Anot guilty,@ but after
considering the evidence, a jury found him guilty.  The indictment also contained one enhancement
paragraph alleging a previous conviction for delivery of a controlled
substance, to which appellant entered a plea of Anot true.@ The jury
subsequently found the enhancement paragraph to be true and assessed appellant=s punishment at
twenty years= confinement in the Institutional Division
of the Texas Department of Criminal Justice and assessed a $10,000 fine.  On appeal, appellant claims the trial court
erred in overruling his motion for directed verdict, alleging the evidence to
be both legally and factually insufficient to support his conviction.  We affirm. 

Appellant=s conviction for
failing to appear arises out of a prior prosecution for tampering with physical
evidence in cause number 29,218-272. 
Appellant pleaded guilty in accordance with a plea agreement at a
hearing held on June 12, 2002.  Under the
plea agreement, appellant was to serve seven years in the Institutional
Division of the Texas Department of Criminal Justice.[2]


After finding appellant guilty, the case
did not proceed to a formal sentencing.   The trial court granted appellant=s request to
postpone sentencing for a week to allow appellant Ato take care of
his family matters before he goes into custody.@  During the pendency of the prosecution,
appellant was released from custody on a $10,000 personal bond.  Appellant was to return on June 18, 2002, for
formal sentencing.    

In granting appellant=s request, the
trial court warned appellant of the consequences of failing to appear.

The Court: . . . .  If you fail to show up, do you understand
what is going to happen?

Defendant: Yes, ma=am.

The Court: What?

Defendant: I=ll be locked up and get more time.

The Court: You=ll be locked up and a new case will
be filed for failing to appear.  Do you
understand that?








Defendant: Yes, ma=am.

The Court: I won=t hesitate to have your bond
raised; the amount of it raised.  Do you
understand that?

Defendant: Yes, ma=am.  

However, appellant did not return on June 18.  Appellant was arrested in Houston on June 26,
2002.    

At the conclusion of the State=s case on the
failure to appear charge, appellant moved for an instructed verdict of not
guilty contending there was no pending case because appellant had already been
sentenced on June 12, 2002.  In finding
appellant guilty at the June 12th hearing, the trial court also
stated, AI hereby assess
your punishment at seven years confinement in the Institutional Division of the
Texas Department of Criminal Justice.@  Appellant relies on this statement to argue
that he had been sentenced.  Without a
pending case, appellant contends the evidence is legally and factually
insufficient to support the conviction.    


When reviewing the legal sufficiency of
the evidence, we must view the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999).  In conducting this review, we do not engage
in a second evaluation of the weight and credibility of the evidence, but only
ensure that the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex.
Crim. App. 1993).








When reviewing claims of factual
insufficiency, it is our duty to examine the jury=s weighing of the
evidence.  Clewis v. State, 922
S.W.2d 126, 133, 134 (Tex. Crim. App. 1996). 
There are two ways in which evidence can be factually insufficient: (1)
the evidence is so weak as to be clearly wrong or manifestly unjust, or (2) the
finding of a vital fact is so contrary to the great weight and preponderance of
the evidence as to be clearly wrong.  Zuliani
v. State, 97 S.W.3d 589, 593 (Tex. Crim. App. 2003).  Determining which standard applies depends
upon whether the complaining party had the burden of proof at trial.  Id. 
If the complaining party did not have the burden of proof, then the Amanifestly unjust@ standard
applies.  Id.  On the other hand, if the complaining party
had the burden of proof, then the Aagainst the great
weight and preponderance@ standard applies.  Id. 
Under the Texas Court of Criminal Appeals= modified
approach, if the defendant challenges the factual sufficiency of the elements
of the offense, even though the State had the burden of proof, we must review
the evidence using both standards.  Id.  Thus, when reviewing factual sufficiency
challenges, we must determine Awhether a neutral
review of all of the evidence, both for and against the finding, demonstrates
that the proof of guilt is so obviously weak as to undermine confidence in the
jury=s determination,
or the proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof.@  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

A person commits bail jumping and failure
to appear if he Aintentionally or knowingly fails to appear@ after being Alawfully released
from custody, with or without bail, on condition that he subsequently appear.@  Tex.
Pen. Code Ann. ' 38.10 (Vernon 2003).  Appellant attempts to argue in both his legal
and factual insufficiency claims that he was not lawfully released; he alleges
the trial court=s statement assessing punishment at seven
years= confinement was
the pronouncement of sentence, and the trial court was obliged to immediately
commence his confinement in the penitentiary.








A sentence is the part of the judgment
ordering Athat the punishment be carried into
execution in the manner prescribed by law.@  Tex.
Code Crim. Proc. Ann. Art. 42.02 (Vernon Supp. 2004).  The judgment is written, whereas the
pronouncement of sentence is oral.  Ex
parte Madding, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).   The pronouncement of sentence is the
appealable event, while the judgment is merely a memorialization of what
occurred at sentencing.  Ex parte
Madding, 70 S.W.3d at 135; Jones v. State, 795 S.W.2d 199, 202 (Tex.
Crim. App. 1990).   The pronouncement is
the imposition of a sentence, and it controls in the event of a conflict with
the written judgment. Ex parte Madding, 70 S.W.3d at 135.   The sentence sets out the terms of
punishment.  State v. Ross, 953 S.W.2d 748, 750 (Tex.
Crim. App. 1997).  For example, it
includes such facts as the date the sentence begins, and in the event of
multiple offenses, the sentence must indicate it is to be served concurrently
or consecutively with other sentences.  Id.;
see also Tex. Code Crim. Proc.
Ann. Art. 42.01, ' 1(17), (18) (Vernon Supp. 2004) (listing
as elements of the judgment the date the sentence is imposed, date sentence is
to commence, and whether there is any credit for time served).  The trial court=s statement does not
include these necessary facts.

Most importantly, appellant=s argument
disregards what actually occurred. 
Appellant specifically asked the court to reset the case for sentencing,
and the trial court specifically ordered appellant to return the following week
for sentencing.   Once a sentence
is pronounced, orders necessarily issue to take appellant into custody.  See Tex.
Code Crim. Proc. Ann. Art. 42.09, ' 1 (Vernon Supp.
2004); Ex parte Madding, 70 S.W.3d at 135 (explaining that once the sentence
is pronounced, the defendant leaves the courtroom and begins serving the
sentence imposed).  The bailiff present
at the June 12th hearing 
testified that the trial court did not remand appellant to the custody
of the county sheriff with orders to transfer to the Texas Department of
Correctional Justice Institutional division. 








The existence of a personal bond further
supports the fact that appellant was lawfully released from custody.  See Vanderhorst v. State, 821 S.W.2d 180, 182 (Tex. App.CEastland 1991, pet. ref=d) (holding that
proof that defendant was released on an instanter bond is sufficient to show
that he Awas lawfully
released from custody@).[3]  Appellant executed a personal bond in January
2002 for the tampering with evidence charge. 
A personal bond in a pending case is valid until revoked. See Tex. Code Crim. Proc. Ann. Art. 17.09
(Vernon Supp. 2004) (stating that once a defendant gives bail, the bail is
valid for all proceedings related to the charge); Tex. Code Crim. Proc. Ann. Art.
17.031(a) (Vernon Supp. 2004) (providing that a Apersonal bond may
not be revoked by the judge of the court . . . except for good cause@); Ex parte
Williams, 619 S.W.2d 180, 182 (Tex. Crim. App. 1981).  We find nothing in the record to indicate
that the bond had been revoked. 
Additionally, the trial court specifically mentioned the bond when it
admonished appellant about the consequences of failing to return for
sentencing.   

Accordingly, although the trial court
orally assessed appellant=s punishment, it is apparent that neither
the trial judge nor appellant=s counsel believed
appellant had been formally sentenced. 
Viewing the evidence in the light most favorable to the prosecution, we
believe a rational jury was entitled to conclude appellant failed to appear
after being lawfully released from custody. 
Accordingly, we find the evidence legally sufficient to support the jury=s verdict, and
appellant=s issue is overruled. 

            For
the same reasons articulated above, appellant also contends the evidence is
factually insufficient to support the jury=s verdict. However, the jury
is the sole judge of the facts, the credibility of the witnesses, and the
weight to be given the evidence.  Wyatt
v. State, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000); Beckham v. State, 29
S.W.3d 148, 152 (Tex.
App.CHouston [14th Dist.] 2000, pet. ref=d).  Therefore, the jury may believe or disbelieve all or
part of any witness=s testimony.  Jones v. State, 984 S.W.2d 254, 258 (Tex.
Crim. App. 1998) (en banc).  Reconciliation
of any conflicts in the evidence falls within the exclusive province of the
jury.  Heiselbetz v. State, 906 S.W.2d 500, 504 (Tex.
Crim. App. 1995).  








We do not find the proof of guilt is so
obviously weak as to undermine our confidence in the jury=s verdict or that
the proof of guilt is greatly outweighed by contrary proof. Apparently, the
jury believed the testimony at trial establishing that appellant failed to
appear after being lawfully released.  
Accordingly, the second point of error is overruled.

The judgment of the trial court is
affirmed.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Opinion filed March 25, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Effective
September 1, 2003, Brazos County is no longer a part of the district over which
the First and Fourteenth Courts of Appeals have jurisdiction.  See Act of May 1, 2003, 78th Leg.,
R.S., ch. 44, 2003 Tex. Sess. Laws 81. 
The Act applies to cases in which the transcripts were not filed before
the effective date of the Act, September 1, 2003.  Because the record in this case was filed
before the effective date of the Act, we have jurisdiction over this case.  





[2]  The trial
court granted the State=s motion to cumulate the two sentences.  Accordingly, appellant must complete the
twenty-year sentence before serving the seven-year sentence for tampering with
evidence.  





[3]  The relevant
portion of appellant=s bond states:

Now if
said principal upon notice by the proper authority shall well and truly make
his personal appearance before the District court of BRAZOS County, Texas. . .
. [A]nd further shall well and truly make his personal appearance before any
other court to which the same may be transferred and for any and all subsequent
proceedings that may be had relative to the said court, until discharged by due
course of law, then and there to answer said accusation against him this
obligation shall become void; otherwise to remain in full force and effect.