**Affirmed and Memorandum Opinion filed April 5, 2012.**



In The

# Fourteenth Court of Appeals

———————————

## NO. 14-11-00508-CR

———————————

**OMAR ALVARENGA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1261832**

## MEMORANDUM OPINION

The only issue we consider in this case is whether appellant was denied the effective assistance of counsel. We conclude that he was not.

Appellant Omar Alvarenga was convicted of one count of aggravated sexual assault of a child. During the punishment hearing, appellant's trial counsel reminded the jury that appellant stood convicted of a first degree felony punishable between five and ninety-nine years' imprisonment. *See* Tex. Penal Code Ann. §§ 12.32, 22.021(e) (West 2012). Counsel

urged the jury to consider the lower end of that spectrum when deliberating on a sentence. He specifically argued for between five and twenty years because appellant had no criminal history; he was cooperative with police; and the details of the offense, though horrible, were not as bad as if had committed murder or multiple rapes.

The prosecutor acknowledged the full punishment range during her closing statement as well, but she argued that appellant was deserving of a sentence more severe than that advocated by defense counsel. The prosecutor argued as follows:

> This kind of crime, it's a serious crime. It's a first degree felony. For these kinds of crimes, aggravated sexual assault of children, those crimes baseline are worth 30 to 40 years, 30 to 40 years in prison. That's your starting point for a crime like this.

> When I consider punishment, punishment ranges for crimes like aggravated sexual assault of children, and specifically looking at a case where the victim is young, 6 years old — we're not talking about a 13-year-old, ladies and gentlemen. We're talking about a 6-year-old where you're dealing with an anal rape where there were injuries and DNA, that's the kind of crime where you start off at 30 to 40 years and you work up. So, 30 to 40. That's where we start.

The prosecutor then argued that appellant's lack of remorse warranted a sentence of not less than sixty years. The jury, having been instructed of the full statutory range of punishment, returned a verdict of fifty years' imprisonment.

On appeal, appellant contends that counsel was ineffective because he failed to object to the prosecutor's improper argument that the jury should begin deliberations at thirty or forty years, rather than the five years authorized by statute. We examine such claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

Under *Strickland*, appellant must prove that his trial counsel's representation was deficient, and that the deficient performance was so serious that it deprived him of a fair trial. *Id.* at 687. Counsel's representation is deficient if it falls below an objective standard

of reasonableness. *Id.* at 688. This deficiency will deprive appellant of a fair trial only when counsel's performance prejudices appellant's defense. *Id.* at 691–92. To demonstrate prejudice, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id.* at 697. This test is applied to claims arising under both the United States and Texas Constitutions. *See Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986).

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and were motivated by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the appellant is unable to meet the first prong of the *Strickland* test because the record on direct appeal is underdeveloped and does not adequately reflect the alleged failings of trial counsel. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[I]solated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v.*

3

*State*, 915 S.W.2d 9 (Tex. Crim. App. 1994). Moreover, "[i]t is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata*, 226 S.W.3d at 430. Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant must show that counsel's errors were so serious that he was not functioning as counsel. *Patrick v. State*, 906 S.W.2d 481, 195 (Tex. Crim. App. 1995).

Appellant argues that counsel's performance was constitutionally deficient because counsel did not object to the prosecutor's statement that thirty or forty years' imprisonment was the "starting point" for a crime of aggravated sexual assault of a child. Appellant insists that "[i]t was unreasonable to ask the jury not to consider the full range of punishment, especially in a case like this one where the defendant could not have been more cooperative with law enforcement."

The premise of appellant's claim is that the prosecutor's argument was manifestly improper. If a jury argument is proper, counsel is not ineffective for failing to object to it. *Richards v. State*, 912 S.W.2d 374, 379 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd). Proper jury argument consists of (1) a summation of the evidence, (2) reasonable deductions from the evidence, (3) an answer to argument of opposing counsel, and (4) a plea for law enforcement. *Allridge v. State*, 762 S.W.2d 146, 155 (Tex. Crim. App. 1988).

Pleas for law enforcement may take many forms. These include arguments that draw on the relationship between the jury's verdict and the deterrence of crime in general, as well as arguments that emphasize the impact of the jury's verdict on the community at large. *Borjan v. State*, 787 S.W.2d 53, 55–56 (Tex. Crim. App. 1990). Consistent with these types of arguments, a plea for law enforcement may also take the form of a prosecutor's recommending a sentence higher than that of defense counsel. *See Vanderhost v. State*, 821 S.W.2d 180, 186 (Tex. App.—Eastland 1991, pet. ref'd).

The prosecutor argued that the jury should begin its deliberations with thirty or forty years' imprisonment because appellant was convicted of a very serious crime. Using those

figures as a "baseline," the prosecutor then argued that the jury should ratchet its sentence up to account for other aggravating factors. This argument essentially encouraged the jury to reject defense counsel's recommendation of five to twenty years' imprisonment because a sentence of such relative brevity did not adequately reflect the brutality of appellant's assault. We consider this argument to be a plea for law enforcement. Because there was nothing inherently improper with this argument, counsel had no reason to object, and appellant's claim for ineffective assistance of counsel must fail. *See id.*

Even assuming that the prosecutor's statements were improper, appellant has not overcome the presumption that counsel's actions were the result of sound trial strategy. Before being condemned as unprofessional or incompetent, counsel is normally afforded an opportunity to explain his actions, such as with a hearing on a motion for new trial or with the filing of an affidavit. *See Bone*, 77 S.W.3d at 836; *Anderson v. State*, 193 S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Appellant did not file a motion for new trial, and the record is likewise devoid of any explanation regarding counsel's reasons for not objecting to the prosecutor's closing argument. In these circumstances, we will not conclude that counsel's performance was constitutionally deficient if any strategic motivations can be imagined for the challenged conduct. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

This court has previously recognized that "[n]ot objecting can be a trial strategy." *Henderson v. State*, 704 S.W.2d 536, 538 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd); *see also Huerta v. State*, — S.W.3d —, No. 14-11-00175-CR, 2012 WL 311677, at *5 (Tex. App.—Houston [14th Dist.] Feb. 2, 2012, no pet. h.). Counsel may have decided to withhold an objection so as to avoid emphasizing or drawing attention to the prosecutor's recommended sentence. *Cf. Brennan v. State*, 334 S.W.3d 64, 76–77 (Tex. App.—Dallas 2009, no pet.) (observing that counsel's failure to request relief following impermissible comment may have been motivated by recognition that "requesting further relief would have only highlighted the prosecutor's statement"). Because a reasonable

strategy can be imagined for counsel's actions, we conclude that appellant failed to carry his burden of showing that counsel was ineffective by not objecting to the prosecutor's closing statement.

Finally, we note that appellant has failed to carry the additional burden of showing that he was prejudiced by counsel's performance. The jury charge included an instruction that punishment must be assessed between five and ninety-nine years' imprisonment, not between thirty or forty years on one end and ninety-nine on the other. The jury ultimately assessed punishment at fifty years' imprisonment, which is in the middle range allowed by statute and is ten years less than what was requested from the prosecutor. Appellant has not shown a reasonable probability that the result of the proceeding would have been different but for counsel's failure to object.

Appellant's sole issue is overruled and the judgment of the trial court is affirmed.


/s/    Adele Hedges
Chief Justice


Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).