ACCEPTED
06-14-00190-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/1/2015 3:04:21 PM
DEBBIE AUTREY
CLERK

# IN THE COURT OF APPEALS FOR THE
## SIXTH DISTRICT OF TEXAS AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

7/1/2015 3:04:21 PM

DEBBIE AUTREY
Clerk

**TONYA ANN RODRIGUEZ**
APPELLANT

§
§
v.                                          §        **Nos.    06-14-00190-CR**
§
**THE STATE OF TEXAS,**                     §
APPELLEE                                     §

---

## STATE'S BRIEF

---

ON APPEAL FROM THE 354th DISTRICT COURT
HUNT COUNTY, TEXAS
TRIAL COURT CAUSE NUMBER 29,230
THE HONORABLE RICHARD A. BEACOM, JR., JUDGE PRESIDING

**NOBLE D. WALKER, JR.**
District Attorney
Hunt County, Texas

**STEVEN LILLEY**
Assistant District Attorney
P.O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX      75403
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24046293

# TABLE OF CONTENTS

TABLE OF CONTENTS........................................................................................2

INDEX OF AUTHORITIES ...............................................................................3

SUMMARY OF THE STATE'S ARGUMENT.......................................................4

ARUGUMENT..................................................................................................5

PRAYER.........................................................................................................13

CERTIFICATE OF SERVICE...........................................................................14

CERTIFICATE OF COMPLIANCE....................................................................15

# INDEX OF AUTHORITIES

**CASES**

Asay v. State, 456 S.W.2d 903 (Tex. Crim. App. 1970)........................................9

Cockrell v. State, 933 S.W.2d 73 (Tex. Crim. App. 1996)................................6-7

Felder v. State, 848 S.W.2d 85 (Tex. Crim. App. 1992)...................................9

Johnson v. State, 982 S.W.2d 403 (Tex. Crim. App. 1998).............................10

Martinez v. State, 17 S.W.3d 677 (Tex. Crim. App. 2000)..........................11, 13

Sadler v. State, 977 S.W.2d 140 (Tex. Crim. App. 1998)................................10

Threadgill v. State, 164 SW.3d 654 (Tex. Crim. App. 2004)...............................7

Parks v. State, 843 S.W.2d 693

    (Tex. App. Corpus Christi, 1992 pet. ref'd)..............................................9

Vanderhorst v. State, 821 S.W.2d 180

    (Tex. App. Eastland, 1991 pet. ref'd.).................................................9-10

**STATUTES**

Texas R. App. Pro. 33.1(a)(1)(2)(A)................................................................7

Texas R. App. Pro. 44.2(b)....................................................................11, 13

# IN THE COURT OF APPEALS FOR THE
# SIXTH DISTRICT OF TEXAS AT TEXARKANA

**TONYA ANN RODRIGUEZ**

    APPELLANT                §

                              §

        v.                     §     **No. 06-14-00190-CR**

                              §

**THE STATE OF TEXAS,**       §

    APPELLEE              §

---

## STATE'S BRIEF

---

TO THE HONORABLE COURT OF APPEALS:

NOW COMES the STATE OF TEXAS, Appellee, in this appeal from Cause No. 29,230 in the 354th Judicial District Court in and for Hunt County, Texas, Honorable Judge Richard A. Beacom, Jr., Presiding, now before the Sixth District Court of Appeals, and respectfully submits this its brief to the Sixth District Court of Appeals in support of the judgment of conviction and sentence in the court below.

## SUMMARY OF ARGUMENT

In her brief, Appellant complains that the prosecutor representing the state made an improper jury argument that caused her harm in her prosecution for reckless injury to a child causing serious bodily injury. Appellant's argument fails on three major grounds. First, the alleged error was not properly preserved by trial counsel. Secondly, even if the issue was preserved for appeal, the jury argument was not error. Finally, if this Court finds the argument to be error, Appellant still is unable to show harm.

Though trial counsel did object to the perceived improper jury argument, his objection was at least partially sustained and counsel did not pursue his objection to an adverse ruling. Under the controlling precedent of Cockrell v. State, the issue has therefore not been preserved for appeal.

Even if the issue was preserved, the argument complained of can be characterized as the prosecutor making a plea to law enforcement that the jury not consider the full range of punishment and instead consider only a higher range of punishment based upon the facts of the case. Appellant's reliance on jury selection case lawis misplaced. The jury argument here tracks what a properly qualified juror is allowed to do in every case, look at the facts of the case and determine the appropriate punishment.

Even if the jury argument is judged to be error, Appellant cannot show harm under the Martinez v. State factors which weigh; the severity of the misconduct, the curative measures taken by the court and the relative certainty of the same result in punishment absent the improper jury argument. Under these factors (assuming the jury argument was improper) only the first factor weighs in Appellant's favor. Therefore, Appellant cannot show that the improper jury argument was harmful and the error must be ignored by this Court.

## ARGUMENT

In her sole point of error Appellant complains that the attorney representing the State committed error during jury argument. Appellant alleges that the State's attorney engaged in improper jury argument by urging jurors to "disregard the full range of punishment and only 'honestly consider' a sentence over eleven years." Appellant's brief p. 16, quoting Reporter's Record (RR) Vol. 9 p. 20-21. Appellant spends the majority of her brief outlining the harm analysis involved in jury argument error. The State brings forth three points in its brief to show that Appellant is not entitled to relief. First, the error complained of was not preserved. Secondly, if the potential error was preserved, it is indeed not error. Finally, if the jury argument was error, it was not harmful.

## I.

## Did the defense attorney preserve error?

The First issue this Court must address is whether the defense attorney properly preserved the alleged jury argument error. To preserve error in jury argument, Appellant must show trial counsel objected to the complained of error and persisted in his objection to an adverse ruling. Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). This rule applies regardless of whether or not the complained of argument could have been remedied by a curative instruction.

6

Threadgill v. State, 164 SW.3d 654, 670 (Tex. Crim. App. 2004) *citing* Cockrell at 89.

The threshold question must be whether the defense counsel ever received an adverse ruling from the trial court. A ruling by a trial court can be either express or implicit. Texas R. App. Pro. 33.1(a)(1)(2)(A). In this case, the defense attorney objected to the State's jury argument involving the punishment range the State desired the jury to consider. The defense made a specific objection to which the court responded with: "Well let's – rather than instruction of where to start [deliberations], I think you can argue where the State would like to see the punishment range go from." Reporter's Record Vol. 11 p. 21.

It appears by its ruling that the trial court understood the defense counsel's objection and at least partially sustained his objection. The State certainly took the objection as sustained as he changed his argument to conform to the court's ruling. The defense counsel however, made no further objection, nor did he has for a jury instruction to disregard or a make a motion for a mistrial. Because he failed to do so, defense counsel never received the adverse ruling required under Cockrell to preserve the jury argument error and this issue has not been preserved for appeal.

7

## II.

## <u>Was the complained of argument error?</u>

If the issue was properly preserved for appeal, the next major issue is whether the complained of argument was error at all. The jury argument in this case came at the conclusion of a trial involving a woman who pled guilty to recklessly causing a broken femur bone in a three month old girl. The alleged improper argument by the prosecutor came as he finished explaining the different punishment verdict forms to the jury. RR Vol. 11 p. 19-20. The prosecutor urged the jury to begin their deliberations at 11 years in the Texas Department of Correction. Id. at 20. Beginning deliberations at 11 years, the prosecutor argued, sent a message that the facts of this case did not warrant probation (as defendant would have only been eligible for probation on a sentence of ten years or less) and was thus never considered by the jury during its deliberations.

Before the prosecutor could fully develop this argument, defense counsel objected stating, "the law says the jury can consider the full range and he's [the prosecutor] giving instructions to start at a certain place and that's improper argument." Id. at 20. As stated above, the trial ruled informed the State how to more properly make such an argument. The prosecutor, therefore, restated his point thusly; "So where State believes that the range that should be honestly considered, **based on the facts that you heard**, is 11 years and up because that sends a message that our community never even considered probation **in this case**." Id. at 21 (Emphasis added).

8

Though Appellant zeroes in on the alleged narrowing of the punishment range by the State, the prosecutor was in actuality arguing that the jury should not consider Appellant worthy of probation based upon the facts presented in the case. The issue therefore is whether by urging a jury to only consider a certain portion of the punishment range in its deliberations, the State had committed improper jury argument. The answer is that such an argument is not error.

A State's jury argument must fall into one of four general areas: a summation of the evidence, reasonable deductions from the evidence, answering the arguments of opposing counsel and pleas for law enforcement. Felder v. State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992). A request that the jury give a defendant a lengthy prison term is considered a plea to law enforcement and a discussion of the evidence. Asay v. State, 456 S.W.2d 903, 905 (Tex. Crim. App. 1970); Parks v. State, 843 S.W.2d 693, 696 (Tex. App. Corpus Christi, 1992 pet. ref'd).

With facts very similar to those at hand, the case of Vanderhorst v. State is particularly instructive. In Vanderhorst, the prosecutor stated that though a lower punishment range was available for the jury to consider, the jury should instead begin their deliberations "in the upper range" based upon the prior convictions of the defendant and the enhanced punishment range such convictions allowed for. The defense objected claiming that such an argument urged the jury not to consider the full range of punishment. The trial court overruled the objection and the appellate court found the argument to be a

proper plea to law enforcement. Vanderhorst v. State, 821 S.W.2d 180, 186 (Tex. App. Eastland, 1991 pet. ref'd.)

The cases relied upon by Appellant to show error deal not with jury argument, but with the jury selection process. It is indeed true that a potential juror must be able consider the full range of punishment for a criminal offense in ordered to be qualified as a juror. Johnson v. State, 982 S.W.2d 403, 405-06 (Tex. Crim. App. 1998). This requirement however, is limited to consideration of the full range of punishment in a merely general sense. A juror is not disqualified if they are given a particular fact or set of facts and then asked under those facts whether they could consider the full range of punishment. Sadler v. State, 977 S.W.2d 140, 142-43 (Tex. Crim. App. 1998). In Sadler, the appellant claimed that a juror must not only be able to consider the full range of punishment for the crime in general, but also for the crime as Appellant committed it. This argument, the court said, was "without merit." Id. at 143. The Court stated succinctly, "We hold that a prospective juror is not challengeable for cause because he or she will use the facts to determine punishment." Id.

If a juror need not be able to consider the full range of punishment based upon the actual facts of the case, then it cannot be error for the State to argue that based upon the facts of the case, the jury should not consider the full range of punishment. Therefore, the complained of jury argument made by the State was not error.

10

# III.

## If the jury argument was error, was the error harmful?

As Appellant has stated, improper jury argument is examined under Texas Rule of Appellate Procedure 44.2(b). Any error must be disregarded as harmless unless the error affects the Appellant's substantial rights. Whether an improper jury argument affects Appellant's substantial rights can be determined by looking at three key factors: the severity of the misconduct, the curative measures taken and the certainty of the punishment assessed in the case absent the misconduct. Martinez v. State, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000).

The first factor is the severity of the misconduct. In this case, as stated above, the State was attempting to make the argument that based upon the facts of the case, the jury should not consider any sentence below eleven years and therefore begin their deliberations there. If this was indeed error and instructed the jury to disregard its essential function in considering the full range of punishment (which as seen above, the State in no concedes) this prong would weigh in Appellant's favor.

The second factor is the curative measure(s) taken by the court. In this case, the Court urged the prosecutor to restate his argument in a different way. The State did so and no further objection or request for the jury to disregard was made. Considering the fact that defense counsel made no further objections after the court's ruling to the State's subsequent argument, it can be reasonably assumed that the curative measures made by the court were helpful in allaying

any error made by the State. Therefore, this second prong weighs against Appellant.

The final prong is the certainty of the punishment assessed absent the jury argument error. This is a difficult prong to examine as the facts of any individual case given to any assembled jury could result in a different outcome in regards to punishment. It is essentially impossible to know with "certainty" whether the jury in this case would have assessed a punishment of sixteen years without the complained of argument.

However, a review of the facts shows that a rational jury could have seen the aggravating facts of this case and reached a similar conclusion without the improper argument. Appellant in this case took care of small children in her home as her source of income. Appellant pled guilty to the offense of reckless injury to a child by breaking the femur bone of a three month old child. Appellant admitted that she partook in methamphetamines on the weekends, only to receive children into her home to take care of again on Mondays. R.R. Vol. 10 p. 65 and 221-22. Appellant did not immediately call for emergency help when it was apparent that she had hurt the child in this case. R.R. Vol 10 p. 57-58 and 188-89. Appellant pled guilty to the crime and admitted that she committed the act in frustration to investigators. However, in front of the jury, Appellant changed her story and claimed that the "pop" she heard in the victim's leg occurred when Appellant was changing her diaper like normal. R.R. Vol. 10 pp.

12

219-20. The refusal to take responsibility for her actions very likely weighed heavily on the jury during deliberations.

Considering the multitude of aggravating facts presented to the jury, it is reasonable to assume that the jury could have come to the same punishment conclusion absent the State's argument complained of here. This final prong, therefore, again weighs against Appellant.

Due to the fact that Appellant cannot clearly show harm based upon the three factors outlined in Martinez, the error should be found harmless and ignored under Rule 44.2(b).

## PRAYER

Appellant's trial was without prejudicial or fundamental error. The State prays that Appellant's conviction and sentence be affirmed.

Respectfully submitted,

**NOBLE D. WALKER, JR.**
District Attorney
Hunt County, Texas

STEVEN LILLEY
Assistant District Attorney
P.O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
State Bar No. 24046293
(903) 408-4180
FAX (903) 408-4296

13

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been delivered to Frank Long, attorney for Appellant, on July 1, 2015.

STEVE LILLEY
Assistant District Attorney

## CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney of record certifies that Appellee's Brief contains 13-point typeface of the body of the brief, 2,144 words, excluding those words identified as not being counted in appellate rule of procedure 9.4(i)(1), and was prepared on Microsoft Word 2007.

_____
Steven Lilley
Attorney for the State