

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00190-CR

TONYA ANN RODRIGUEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 29,230

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Tonya Ann Rodriguez admittedly caused a spiral fracture of the femur of A.H., a three-month-old child in her care, in Hunt County, resulting in a conviction for the second degree felony of reckless injury to a child. During closing arguments in the punishment phase of her trial, this exchange took place:

> [The State]: So I tell you this: Start your deliberations at 11 years and go up from there because that's a sign to this defendant and our community that we never even consider --
>
> [Defense Attorney]: Objection, Your Honor. The State is -- the law says the jury can consider the full range and he's giving instructions to start at a certain place and that's improper argument.
>
> [The State]: They were qualified on the full range, Your Honor. They don't have to consider it if --
>
> [Defense Attorney]: It's improper -- it's improper for a prosecutor to start telling the jury how or where they should start deliberating or how to deliberate. It's improper argument.
>
> THE COURT: Well, let's -- rather than instruction of where to start, I think you can argue where the State would like to see the punishment range go from.
>
> [The State]: Okay. So where State [sic] believes that the range that should be honestly considered, based on the facts that you heard, is 11 years and up because that sends a message that our community never even considered probation in this case.

Rodriguez argues on appeal that the trial court harmfully erred in allowing the State's argument for at least an eleven-year sentence. We disagree and affirm the trial court's judgment, because, here, the trial court did not err.

The proper jury arguments include (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answers to arguments of opposing counsel, and (4) pleas for law

enforcement. *Walker v. State*, 664 S.W.2d 338, 340 (Tex. Crim. App. 1984). Reversible error results from improper prosecutorial argument only if the argument is extreme, manifestly improper, injects new and harmful facts into the case, or violates a mandatory statutory provision and is thus so inflammatory that its prejudicial effect cannot reasonably be cured by a jury instruction to disregard. *See Hernandez v. State*, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991). An instruction by the trial court to disregard an objectionable argument will ordinarily cure the error unless the argument was so inflammatory that its prejudicial effect could not reasonably be removed by the instruction. *Kinnamon v. State*, 791 S.W.2d 84, 89 (Tex. Crim. App. 1990) (per curiam).

We review for an abuse of discretion a trial court's ruling on an objection asserting improper jury argument. *Whitney v. State*, 396 S.W.3d 696, 703–04 (Tex. App.—Fort Worth 2013, pet. ref'd). An abuse of discretion has occurred when the trial court's decision lies outside the zone within which reasonable persons might disagree. *See McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008).

To preserve error in jury argument, a party must ordinarily show that he or she objected to the asserted error and persisted on the point until getting an adverse ruling. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).

While not expressly sustaining or overruling Rodriguez' objection, the trial court partially sustained the objection and gently directed the State to modify its argument to make clear that the State was communicating, not an instruction or a directive to the jury, but the State's desire or request, that the jury assess a sentence of at least eleven years' confinement. And, since there was

no further objection, we conclude that Rodriguez preserved an argument for appeal only to the extent the trial court overruled the objection, that is, in allowing the State's request that the jury, in its punishment deliberations, assess at least eleven years' confinement.

Rodriguez distinguishes between an argument that the State wants the jury to *assess* confinement of eleven or more years and an argument that the State wants the jury to *consider* only eleven or more years. Such a distinction is important when qualifying jurors, since jurors must generally be able to consider the full range of punishment. *See Cardenas v. State*, 325 S.W.3d 179 (Tex. Crim. App. 2010). Yet, once guilt has been established and the jury has heard the punishment evidence and is being asked to assess punishment, an argument that a party wants the jury to start by considering a certain minimum or maximum sentence is nothing more than a request that they assess a higher or lower sentence commensurate with the party's interests. No authority has been cited, and none has been found, that such a request is improper argument.

We see little practical difference between the argument allowed here and that approved in the case of *Vanderhorst v. State*. *See Vanderhorst v. State*, 821 S.W.2d 180 (Tex. App.—Eastland 1991, pet. ref'd). There, the State asked the jury to begin deliberations "in the upper range" based on the facts of the case. Vanderhorst lodged an objection similar to the one lodged here. On appeal, the argument was allowed as a proper plea for law enforcement. *Id*. at 186.

We overrule Rodriguez' point of error and affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted: July 22, 2015
Date Decided: August 5, 2015

Do Not Publish